**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SAUNDRA L. HOWER (formerly KEMMIS),  )
       Plaintiff,  )    3:12-cv-00047-RCJ-WGC
   v.  )
COUNTRYWIDE HOME LOANS, INC. *et al.*,  )    **ORDER**
       Defendant.  )

Currently before the Court is Defendants' Motion to Dismiss (#10).

**BACKGROUND**

On May 25, 2006, Plaintiff Saundra L. Hower (formerly Kemmis) ("Plaintiff" or "Borrower") executed a promissory note (the "Note") in favor of Defendant Countrywide Home Loans, Inc. ("Countrywide" or "Lender") in the original principal sum of $234,900.00, secured by a deed of trust ("Deed of Trust") encumbering real property located at 6565 Canoe Hill Drive, Sparks, Nevada (the "Subject Property"). (Deed of Trust[1], Ex. A (#10-1).) The Deed of Trust provides that Mortgage Electronic Registration Systems, Inc. ("MERS"), as holder of legal title to the interests in the Deed of Trust and nominee for Lender, has the right to exercise any or all of the interests granted by Borrower in the Deed of Trust, including the right to foreclose and sell the property and to release the Deed of Trust. (*Id.*) On February 28, 2011, MERS executed a Corporation Assignment of Deed of Trust ("Assignment of Deed of Trust")

---

[1] The Court takes judicial notice of relevant publicly recorded documents to the motion to dismiss. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under FED. R. EVID. 201).

in favor of The Bank of New York Mellon, formerly known as the Bank of New York ("BNY Mellon"), and recorded the Assignment of Deed of Trust with the Washoe County Recorder on March 2, 2011 as Document No. 3979104. (Assignment of Deed of Trust, Ex. B (#10-2).) On February 28, 2011, BNY Mellon executed a Substitution of Trustee substituting ReconTrust as trustee under the Deed of Trust, and recorded the substitution with the Washoe County Recorder on March 2, 2011 as Document No. 3977105. (Substitution of Trustee, Ex. C (#10-3).) ReconTrust recorded with the Washoe County Recorder a Notice of Default/Election to Sell under Deed of Trust ("Notice of Default") as Document No. 3977711. (Notice of Default, Ex. D (#10-4).)

On November 23, 2011, Plaintiff filed this action in the District Court of Nevada, Washoe County. Plaintiff filed a Notice of Lis Pendens against the Property on the same date, recorded with the Washoe County Recorder as Document No. 4061173. (Notice of Lis Pendens, Ex. E (#10-5).) Plaintiff asserts claims for: (I) debt collection violations; (ii) violation of Unfair and Deceptive Trade Practice Act; (iii) violation of the covenant of good faith and fair dealing; (iv) violation of Nev. Rev. Stat. § 107.080 *et seq.*; (v) quiet title; and (vi) fraud in the inducement and through omission.

Now pending is a Motion to Dismiss (#10) filed by Defendants.

## LEGAL STANDARD

Courts engage in a two-step analysis in ruling on a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). First, courts accept only non-conclusory allegations as true. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. The Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable

inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

In the Opposition (#12) to the Motion to Dismiss (#10), Plaintiff states that "[i]n light of this court's rulings, and other Judges in the District of Nevada [Reno] in similar cases Plaintiff acknowledges that all the Causes of action save and except the 'statutory defective' non-judicial foreclosure (violation of NRS 107.080) and 'quiet title' related to said defect" are without merit. Plaintiff therefore consents to the dismissal of his first, second, third, and sixth causes of action on the merits.

Plaintiff argues that MERS lacked the authority to execute an assignment of Deed of Trust together with the Note to BNY Mellon, and therefore BNY Mellon had no authority to proceed on a non-judicial foreclosure. Plaintiff further argues that the note is split from the deed of trust, which, according to Plaintiff, renders the deed of trust invalid and constitutes a cloud on the title. In *Edelstein v. Bank of New York Mellon*, the Nevada Supreme Court held that MERS, when designated in the deed of trust as a nominee for the lender and as the deed's beneficiary, holds an agency relationship with the lender with regard to the note, and MERS has the right, according to the deed of trust, to foreclose and sell the property. *Edelstein*, 286 P.3d 249, 258 (Nev. 2012). The Nevada Supreme Court concluded that designating MERS as the beneficiary effectively splits the note and the deed of trust, and prevents enforcement of the deed of trust through foreclosure unless the note and the deed

of trust are unified.[2] *Id.* at 260. In *Edelstein*, the Nevada Supreme Court found that when MERS assigned its beneficial interest in the deed of trust, along with the note, to BNY Mellon, the note and deed of trust were properly unified and BNY Mellon is entitled to enforce the note. *Id.* at 260-61. In the present case, MERS executed a corporate assignment of the deed of trust, "together with the note or notes therein" to BNY Mellon. (Assignment of Deed of Trust, Ex. B (#10-2).) The Nevada Supreme Court has recognized that MERS has the authority to transfer the note on behalf of its principal, and "evidence of transfer is sufficient to prove holder status of the note." *Ashley v. Mortg. Elec. Reg. Sys.*, No. 57254, 2012 WL 6588956, at *1 (Nev. Dec. 14, 2012) (citing *Leyva v. Nat'l. Default Servicing Corp.*, 255 P.3d 1275, 1281 (Nev. 2011)).

Plaintiff has no meritorious claim for wrongful foreclosure because the Nevada Supreme Court held that MERS may transfer the note and deed of trust, and when the note and deed of trust are unified by a transfer to one entity, a borrower has no claim based on MERS' authority or lack thereof, or the split note theory. *Edelstein*, 286 P.3d at 260-61. For that reason, Plaintiff's fourth cause of action for violation of Nev. Rev. Stat. § 107.080 *et seq.*, which governs foreclosure sales in Nevada, must be dismissed. As Plaintiff has no remaining claims for wrongful foreclosure, the claim for quiet title must also be dismissed. Plaintiff

---

[2] In *Hoffman*, this Court discussed *Edelstein* and concluded that *Edelstein* did not involve a case in which MERS holds beneficial interest as agent of the original lender, thus leaving the note and the deed of trust split. *Hoffman v. Countrywide Home Loans, Inc.*, No. 3:11-cv-00201-RCJ-WGC, 2012 WL 5216092, at *3 n. 2 (D. Nev. Oct. 19, 2012). In *Edelstein*, the note and deed of trust were unified by an assignment of deed of trust. *Edelstein*, 286 P.3d at 260-61. In *Cervantes v. Countrywide Home Loans, Inc.*, the Ninth Circuit found that a split between note and deed of trust does not render the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are agents of the lender. *Countrywide*, 656 F.3d 1034, 1044 (9th Cir. 2011). Based on that reasoning, we predicted that the Nevada Supreme Court might also find that a split in which MERS holds the deed of trust would not prevent foreclosure. *Hoffman*, 2012 WL 5216092 at *3 n.2. In a recent unpublished case, the Nevada Supreme Court appears to disagree with the reasoning in *Countrywide*. *See Philip v. EMC Mortg. Corp.*, No. 56054, 2012 WL 6588891, at *1 (Nev. Dec. 14, 2012). In *Philip*, the Nevada Supreme Court considers a case in which MERS is named the beneficiary of the deed of trust, and no assignments of the deed of trust are in the record. *Id.* The Nevada Supreme Court found that because no assignment was made of the deed of trust to the holder of the note, the note and deed of trust remain split and judgment on the pleadings should not have been granted on the claim for wrongful disclosure. *Id.* While *Philip* is unpublished, the Court notes that our previous prediction in *Hoffman*, that a split in which the deed of trust is held by an agent of the lender may not prevent foreclosure, appears to be incorrect.

acknowledges that the remaining claims are without merit, and as there has been no showing that any other issues remain, the dismissal of the claims shall be with prejudice.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss (#10) is **GRANTED**. Plaintiff's complaint is dismissed in its entirety without leave to amend. Any lis pendens recorded by Plaintiff in connection with this lawsuit is expunged, extinguished, and/or released.

Dated this 5th day of March, 2013.

_____
United States District Judge